UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Salvi Chemical Industries Ltd,<br><br>Plaintiff,<br><br>v.<br><br>United States,<br><br>Defendant. | Court No. 26-02569<br><br>Complaint |

## COMPLAINT

Plaintiff Salvi Chemical Industries Ltd ("Salvi") by and through its attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the Changed Circumstances Review of Glycine from China published as *Glycine from the People's Republic of China: Notice of Final Results of Antidumping Duty Changed Circumstances Review* at 91 Fed. Reg. 10,588 (March 4, 2026).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced

under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Salvi is a corporation organized under the laws of the India. Plaintiff produced and/or exported Glycine in India and exported the same to the United States. Plaintiff Salvie was the mandatory respondent in the changed circumstances review.

4. Pursuant to 19 U.S.C. §1516a(2), Plaintiff Salvi is an interested party as defined in 19 U.S.C. §1677(9)(A), as Plaintiff Salvi is a party to the proceeding in connection with which this matter arises.

5. Plaintiff Salvi has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiff commenced this action by filing a Summons with this Court on March 30, 2026, which was within thirty days after the date of the publication of the final results in the *Federal Register.* Plaintiff Salvi is filing this complaint on April 24, 2026, which is within thirty days from the date of the filing of the Summons.  In accordance with Rule 6(a), this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7.      On July 11, 2024, the U.S. Department of Commerce ("Commerce" or

the "Department") initiated this changed circumstances review. *See Glycine From the People's Republic of China: Initiation of Changed Circumstances Review,* 89 Fed. Reg. 58,104 (July 17, 2024).

8.    Between December 20, 2024, and February 12, 2025, Plaintiff Salvi submitted responses to the Department's questionnaires.

9.    On April 1, 2025, the Department published the preliminary results as *Glycine From the People's Republic of China: Notice of Preliminary Results of Antidumping Duty Changed Circumstances Review,* 90 Fed. Reg. 14,359 (April 1, 2025). Plaintiff Salvi was found to be eligible to certify its products as a product of India.

10.    On April 8, 2025, Deer Park Glycine, LLC, the U.S. domestic industry, filed its case brief.

11.    On April 14, 2025 Plaintiff Salvi filed an administrative rebuttal brief with the Department of Commerce in response to the brief of Deer Park. On May 13, 2025 the Department rejected the rebuttal brief. On May l4, 2026 Plaintiff Salvi resubmitted its administrative rebuttal brief. On May 15, 2026 the Department rejected the resubmitted rebuttal brief. On May 15, 2026 Plaintiff Salvi resubmitted the administrative rebuttal brief.

12.    On June 25, 2025 the Department notified Salvi of its intent to conduct a verification.

3

13.    On July 21 and July 22, 2025 the Department conducted its verification.

14.    On August 25, 2026 the Department issued its verification report.

15.    On September 2, 2025, Deer Park Glycine, LLC, the U.S. domestic industry, filed its case brief on verification issues.

16.    On September 8, 2025 the Department rejected the Deer Park Glycine case brief.  On September 9, 2025 Deer Park Glycine refiled the case brief.

17.    On September 15, 2026 Plaintiff Salvi filed its rebuttal case brief.

18.    On December 9, 2025 the Department granted Deer Park Glycine leave to refile certain factual information.

19.    On December 11, 2025 Deer Park Glycine filed a case brief.

20.    On December 19, 2025 Plaintiff Salvi filed a letter in lieu of a rebuttal brief.

21.    On March 2, 2026 the Department issued its final results.  On March 4, 2026 the Department published its final results as *Glycine From the People's Republic of China: Notice of Final Results of Antidumping Duty Changed Circumstances Review* at 91 Fed. Reg. 10588 (March 4, 2026)

## STANDARD OF REVIEW

22.    The standard of review of a final determination made by the Department of Commerce in changed circumstances review is set forth in 19 U.S.C.

§ 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning," *Taian Ziyang Food v. United States*, 33 CIT, Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

23.    Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S.Ct. 2244 (2024), which struck down the concept of *Chevron* deference, the ultimate interpretation of the statute for matters not previously resolved is left to the Court.

24. This Court must hold as unlawful any decision by the Department which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

## COUNT ONE

25. The allegations of paragraphs 1 through 24 are incorporated by reference and restated as if fully set forth herein.

26. The Department has specific rules and regulations for the submission of new factual information. The Department initially properly rejected the new factual information proffered by Deer Park Glycine. The Department's subsequent decision to accept this out-of-time new factual information was an abuse of discretion.

27. The improperly accepted factual information was the primary, if not sole, basis for the Department's final determination. If this information had been properly rejected, the Department would have no basis for its determination and the Department determination must necessarily fail.

## COUNT TWO

28. The allegations of paragraphs 1 through 24 are incorporated by reference and restated as if fully set forth herein.

29. The super-majority of the verified information support a finding that

Salvi manufactures its Glycine in India.   The only evidence to the contrary is of questionable provenance and does not support the findings of the Department.

**COUNT THREE**

30.    The allegations of paragraphs 1 through 24 are incorporated by reference and restated as if fully set forth herein.

31.    Since the issuance of the order of Glycine from China, the Department has issued an order on Glycine from India.

32.    Product can only be subject to a single antidumping duty order.   At the time that the order from India was obtained, the Department was advised by the petitioner of production of Glycine in India by Salvi.

33.    The Department cannot find circumvention where the entry is made under Type III, and thus the product was entered as subject to an antidumping duty order.

**COUNT  FOUR**

34.    The allegations of paragraphs 1 through 24 are incorporated by reference and restated as if fully set forth herein.

35.    Even if the Department properly allowed the submission of certain out of time factual information, such information does not support a finding that Salvi did not produce its Glycine in India.

36.    The Department of Commerce verified the responses of Salvi and found no evidence of circumvention.

37.    Where the Department has a significant quantity of verified information, it cannot reach a contrary conclusion based on a single, unverified, and unclear piece of information.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one to four of Plaintiff Salvi's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Salvi Chemical Industries Ltd

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
Date:  April 24, 2026          dcraven@craventrade.com

8