Slip Op. 26-93

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SALVI CHEMICAL INDUSTRIES LTD.,** | |
| Plaintiff, | |
| v. | **Before: Timothy M. Reif, Judge** |
| **UNITED STATES,** | **Court No. 26-02569** |
| Defendant. | |

## <u>OPINION</u>

[Denying proposed defendant-intervenor's motion to intervene.]

Dated: August 13, 2026

<u>David J. Craven</u>, Craven Trade Law LLC, of Chicago, IL, for plaintiff Salvi Chemical Industries Ltd.

<u>Natalee A. Allenbaugh</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States.  Of counsel was <u>Alexandre Recher</u>, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

<u>David M. Schwartz</u>, <u>Kerem Bilge</u>, <u>Michelle (Meixuan) Li</u> and <u>Aaron C. Mandelbaum</u>, Thompson Hine LLP, of Washington, D.C., for proposed defendant-intervenor Chattem Chemicals, Inc.

\*       \*       \*

Reif, Judge:  Before the court is the motion to intervene of proposed defendant-intervenor Chattem Chemicals, Inc. ("Chattem," or "proposed intervenor").  *See* Mot. to Intervene as Def.-Intervenor ("Intervenor Br."), ECF No. 16.

Plaintiff Salvi Chemical Industries Ltd. ("Salvi") opposes the motion on the grounds that "Chattem was not a 'party to the proceeding' before the U.S. Department

Court No. 26-02569                                                           Page 2

of Commerce ("Commerce") in the Changed Circumstances Review . . . underlying this appeal." Pl.'s Opp'n to Chattem Chemicals, Inc.'s Mot. to Intervene as Def.-Intervenor ("Pl. Br.") at 1, ECF No. 21.

For the reasons discussed below, the court denies the motion to intervene.

## BACKGROUND

On March 29, 1995, Commerce issued the antidumping duty order on glycine from the People's Republic of China ("China"). *See Antidumping Duty Order: Glycine from the People's Republic of China* ("*Order*"), 60 Fed. Reg. 16,116 (Dep't of Commerce Mar. 29, 1995).

The instant action arises from the final results of the changed circumstances review of the *Order*. *See Glycine from the People's Republic of China: Notice of Final Results of Antidumping Duty Changed Circumstances Review* ("*Final Results*"), 91 Fed. Reg. 10,588 (Dep't of Commerce Mar. 4, 2026) and accompanying Issues and Decision Memorandum ("IDM") (Dep't of Commerce Feb. 27, 2026).

On February 27, 2026, Commerce determined that Salvi "is ineligible to participate in the importer certification process because Salvi has not demonstrated that its glycine production process does not utilize materials from China, nor has it demonstrated that it is capable of determining whether its sales of glycine are of non-Chinese origin." IDM at 1.

On April 24, 2026, plaintiff filed its complaint in the instant action. Compl., ECF No. 7.

On June 22, 2026, proposed intervenor filed the instant motion to intervene. *See* Intervenor Br. On June 24, 2026, plaintiff filed an opposition brief to the motion.[1] *See* Pl. Br.

## JURISDICTION

28 U.S.C. § 1581(c) grants to this Court "exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930." Section 516A of the Tariff Act of 1930 governs judicial review of determinations of Commerce in AD and CVD proceedings.[2] *See* 19 U.S.C. § 1516a.

## DISCUSSION

### I.    Intervention as a matter of right

The court concludes that Chattem is not entitled to intervention as a matter of right.

Pursuant to U.S. Court of International Trade Rule 24(a), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."

28 U.S.C. § 2631(j)(1) provides that

Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, *except that* . . . in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to

---

[1] When consulted by proposed intervenor with respect to the instant motion, defendant United States "responded that it does not believe Chattem may intervene as a matter of right and . . . defers to the USCIT concerning permissive intervention." Intervenor Br. at 3.

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2024 edition.

the proceeding in connection with which the matter arose may intervene, and such person may intervene *as a matter of right*.

*Id.* (emphases supplied).

In the instant case, proposed intervenor is an "interested party" because it is a domestic producer of glycine, which is the subject merchandise in this action.

28 U.S.C. § 2631(k) specifies that "interested party" has the meaning given in 19 U.S.C. § 1677(9), which includes "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. § 1677(9)(C). The court concludes that Chattem is a "manufacturer . . . in the United States of a domestic like product" in the instant action. It is undisputed that Chattem is a domestic producer of subject merchandise. Intervenor Br. at 1; *see also* Pl. Br. 19 U.S.C. § 1677(10) defines "domestic like product" as "a product which is like, or in the absence of like, most similar in characteristics and uses with, the article subject to an investigation." As a manufacturer of the "article subject to [the] investigation" itself, Chattem manufactures "a domestic like product" and is therefore an "interested party." *Cf. Hitachi Metals, Ltd. v. United States*, 949 F.3d 710, 710-17 (Fed. Cir. 2020) ("Hitachi cites no authority that precludes the Commission from determining that the domestic like product and the subject merchandise are coextensive.").

However, Chattem was not a "party to the proceeding in connection with which the matter arose." "Although the term 'party to the proceeding' is not defined by statute, [Commerce's] regulations define the term as 'any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding.'" *Nucor Corp. v. United States*, 31 CIT 1500, 1504, 516 F. Supp. 2d 1348, 1351 (2007) (quoting 19 C.F.R. § 351.102(b)).

While this Court has recognized that "the 'party to the proceeding' requirement for standing is not onerous," a party "must have reasonably conveyed their separate status and provided Commerce with notice of their concerns" to meet that requirement. *Gov't of Can. v. United States*, 48 CIT __, __, 686 F. Supp. 3d 1320, 1327 (2024); *see also RHI Refractories Liaoning Co. v. United States*, 35 CIT 130, 132, 752 F. Supp. 2d 1377, 1380 (2011). Chattem did neither in the changed circumstances review at issue here.

Chattem concedes that it did not enter an appearance in the underlying changed circumstances review until June 3, 2026, which is 91 days after the issuance of the *Final Results* and 40 days after plaintiff filed its complaint. *See* Intervenor Br. at 2. And as part of the changed circumstances review, Commerce "invited interested parties to comment on the *Preliminary Results*." IDM at 2. Commerce noted in the *Final Results* that "Deer Park Glycine, LLC, . . . a domestic glycine producer, timely submitted a case brief, and Salvi timely submitted a rebuttal brief." *Id.* Nowhere is Chattem mentioned as submitting factual information or any briefing, and Chattem does not claim to have done so. *See id.*; *see also* Pl. Br.; Proposed Def.-Intervenor's Reply Br. ("Intervenor Reply Br."), ECF No. 25.

Commerce's regulations provide that "[p]articipation in a prior segment of a proceeding will not confer on any interested party 'party to the proceeding' in a subsequent segment." 19 C.F.R. § 351.102(b)(36). Such is the case here. Chattem's participation in prior proceedings, even if as a petitioner in the original investigation, does not confer "party to the proceeding" status in this action. Nor will Chattem's thirteenth-hour entry of appearance confer such status. *See Legacy Classic Furniture,*

*Inc. v. United States*, 35 CIT 420, 422, 774 F. Supp. 2d 1293, 1294 (2011) ("The necessary level of participation requires more than 'the filing of procedural documents alone,' such as 'a combined entry of appearance and request for access to business proprietary information.'" (quoting *RHI Refractories Liaoning Co.*, 35 CIT at 132-33, 752 F. Supp. 2d at 1380-81)); *see also Nucor Corp.*, 31 CIT at 1505, 516 F. Supp. 2d at 1352.

For these reasons, the court concludes that Chattem does not possess "an unconditional right to intervene" in this case. USCIT Rule 24(a).

## II.    Permissive intervention

Chattem requests alternatively permissive intervention under USCIT Rule 24(b)(1)(B). Intervenor Br. at 2-3. The court concludes that Chattem is not entitled to permissive intervention either.

28 U.S.C. § 2631(j)(1)(B) states clearly that permissive intervention is not available in actions arising under 28 U.S.C. § 1581(c). *See Dofasco Inc. v. United States*, 31 CIT 1592, 1594, 519 F. Supp. 2d 1284, 1286 (2007) ("According to the plain meaning of 28 U.S.C. § 2631(j)(1)(B), the right to intervene established thereunder is the only means by which Nucor may intervene in this case, and that right is an unconditional right."); *see also U.S. Magnesium LLC v. United States*, 31 CIT 792, 793 (2007) (concluding that "the controlling statute and this Court's rules do not allow permissive intervention in actions initiated pursuant to 28 U.S.C. § 1581(c)"); *Ontario Forest Indus. Ass'n v. United States*, 30 CIT 1117, 1130 n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006) ("[U]nder 28 U.S.C. § 1581(c), intervention may only be sought as a matter of right.").

But even if the plain meaning of the statute did not foreclose permissive intervention, the court would still deny the motion because it is not timely.

"Subject to the statutory provisions of 28 U.S.C. § 2631(j)(1), permissive intervention is governed by Rule 24(b) of the Rules of this Court." *Auxin Solar, Inc. v. United States*, 48 CIT __, __, 698 F. Supp. 3d 1353, 1377 (2024) (quoting *Manuli Autoadesivi, S.p.A. v. United States*, 9 CIT 24, 25, 602 F. Supp. 96, 98 (1985)). Pursuant to USCIT Rule 24(b)(1), "*[o]n timely motion*, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." USCIT Rule 24(b)(1) (emphasis supplied). Rule 24(b) does not define "timely motion," but paragraph (a) provides that "[i]n an action described in 28 U.S.C. § 1581(c), a timely motion must be made no later than 30 days after the date of service of the complaint as provided for in Rule 3(f), unless for good cause shown at such later time."[3] Chattem filed the instant motion on June 22, 2026, which is 59 days after the date of service of the complaint. *See* Intervenor Br.; Compl.

Chattem acknowledges that the motion is filed beyond the 30-day period but argues that "good cause exists for the late filing." Intervenor Br. at 3. Chattem insists that "a motion to intervene could not have been made within the 30-day period by due diligence" because "Chattem was not a party to the underlying changed circumstances

---

[3] The Rule provides the following reasons for good cause:

(i) mistake, inadvertence, surprise or excusable neglect; or

(ii) under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period.

USCIT Rule 24(a)(3)(i)-(ii).

review before Commerce at the time Salvi filed its complaint and thus was not included on the service list for this action." *Id.*

This argument stretches credulity. Chattem describes itself as "the only remaining domestic producer of glycine in the United States, . . . a co-petitioner in the original 1994 investigation that produced the antidumping duty order, and has been identified by the International Trade Commission as a domestic industry member in every five-year 'sunset' review through 2022." Intervenor Reply Br. at 1. Accordingly, the onus was on Chattem to monitor any challenges to the changed circumstances review that implicates directly "the domestic glycine industry and Chattem's competitive position therein." Intervenor Br. at 2. The court is unpersuaded that "by due diligence a motion to intervene under this subsection could not have been made within the 30-day period." USCIT Rule 24(a)(3)(ii).

Chattem argues also that because it was never served with the complaint, "the 30-day period contemplated by Rule 24(a)(3) was never triggered as to Chattem." Intervenor Br. at 3. Chattem reads the rule too broadly.

Rule 24(a)(3) provides that "a timely motion must be made no later than 30 days after the *date of service of the complaint*," not 30 days after the *moving party* received notice of the complaint. Indeed, Rule 3(f) provides that "[w]hen filing a complaint in an action described in 28 U.S.C. § 1581(c) in section 516A actions, the plaintiff must promptly serve a copy of the complaint . . . on every interested party who was a party to the administrative proceeding at the address last known in that proceeding." Chattem's reading would give non-parties to the proceeding functionally unlimited time with which

to file a motion to intervene because non-parties are never served with the complaint, which would mean that the 30-day period is never triggered for them.

For these reasons, the court denies Chattem's motion to intervene in this action.

## III.    Amicus curiae

In its reply brief, Chattem requests for the first time that "should the Court conclude that Chattem does not qualify as of right, Chattem requests that the Court exercise its discretion to permit intervention or, at minimum, grant leave to participate as amicus curiae under USCIT Rule 76." Intervenor Reply Br. at 2. The request is improper as Chattem failed to raise it in the initial motion to intervene.

The U.S. Court of Appeals for the Federal Circuit has clarified that "[r]aising [an] issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002); *see also Jilin Bright Future Chems. Co. v. United States*, 47 CIT __, __, 675 F. Supp. 3d 1347, 1357 (2023) ("Arguments raised for the first time in reply are generally waived."). Accordingly, the request to participate as amicus curiae is denied.

## CONCLUSION

In Kenneth Grahame's celebrated children's novel, *The Wind in the Willows*, Ratty receives these words of wisdom from a mysterious wayfarer beset by wanderlust:

"There, sooner or later, the ships of all seafaring nations arrive; and there, at its destined hour, the ship of my choice will let go its anchor. I shall take my time, I shall tarry and bide, till at last the right one lies waiting for me, warped out into midstream,

loaded low, her bowsprit pointing down harbour.  I shall slip on board, by boat or along hawser; and then one morning I shall wake to the song and tramp of the sailors, the clink of the capstan, and the rattle of the anchor-chain coming merrily in.  We shall break out the jib and the foresail, the white houses on the harbour side will glide slowly past us as she gathers steering-way, and the voyage will have begun!  As she forges towards the headland she will clothe herself with canvas; and then, once outside, the sounding slap of great green seas as she heels to the wind, pointing South!

"And you, you will come too, young brother; for the days pass, and never return, and the South still waits for you.  Take the Adventure, heed the call, now ere the irrevocable moment passes!  'Tis but a banging of the door behind you, a blithesome step forward, and you are out of the old life and into the new!  Then some day, some day long hence, jog home here if you will, when the cup has been drained and the play has been played, and sit down by your quiet river with a store of goodly memories for company.  You can easily overtake me on the road, for you are young, and I am ageing and go softly.  I will linger, and look back; and at last I will surely see you coming, eager and light-hearted, with all the South in your face!"

*        *        *

For the foregoing reasons, proposed intervenor's motion to intervene is hereby **DENIED.**

**SO ORDERED.**

Court No. 26-02569                                                              Page 11

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated: August 13, 2026
       New York, New York