**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**Before: The Honorable Timothy M. Reif, Judge**

| | |
|---|---|
| Salvi Chemical Industries Ltd.,<br><br>Plaintiff,<br>v.<br><br>United States,<br><br>Defendant. | Court No. 26-02569 |

JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

Pursuant to USCIT R. 56.2(a), the parties to this action have consulted and respectfully submit the following joint status report and proposed briefing schedule:

**1. Does the Court have jurisdiction over the action?**

Plaintiff believes that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), 19 U.S.C. § 1516a(a)(2)(A)(i)(I), and 19 U.S.C. § 1516a(a)(2)(B)(iii). Defendant, United States. is not aware of any basis to challenge the Court's jurisdiction at this time.

**2. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

At this time, the parties are not aware of any reason why any portion of this case should be consolidated or severed.

**3. Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

At this time, the parties are not aware of any reason why further proceedings in this case should be stayed or deferred pending consideration of any other case before the Court or any other tribunal.

**4. Should the Court be aware of any other information at this time?**

Plaintiff wishes to notify the Court of its intention to submit a Motion to Expand or Supplement the Administrative Record in this matter, pursuant to USCIT R. 56.2(a)(1) and the Court's inherent authority. Plaintiff seeks to place before the Court evidence of inaccurate statements and false status certifications presented to the Department of Commerce during the pendency of the administrative review by Deer Park Glycine LLC ("DPG"), which facts were concealed from the agency and did not become public until after the issuance of the Final Results. Defendant advises the Court that the record indexes that Commerce submitted to the Court include all documents developed by, presented to, or obtained by Commerce during the course of a proceeding that pertain to the proceeding as required by 19 C.F.R. 351.104(a)(1). The defendant's understanding is that the plaintiff alleges that certain certifications and statements that another interested party submitted to Commerce contained inaccuracies that were unknown to Commerce when Commerce made its determination in the administrative review over which this Court has jurisdiction and the plaintiff seeks to submit certain new documents that were not part of the administrative record, in support of its allegations. Without taking a position regarding the merits of the plaintiff's allegations at this time or whether it would be appropriate to expand the judicial record under these alleged circumstances, the defendant intends to carefully review the substance of the Plaintiff's motion after the Plaintiff files it.

To ensure orderly case management and prevent briefing regarding the merits before the plaintiff's procedural motion is resolved, the parties respectfully propose a bifurcated briefing schedule under which Plaintiff's Motion to Expand the Administrative Record will be submitted and resolved prior to the submission of Plaintiff's Rule 56.2 Motion and Brief for Judgment on the Agency Record.

Furthermore, the parties have consulted and have agreed to a proposed briefing schedule with time periods other than the periods set out in Rule 56.2(d). Accordingly, a proposed order is attached containing the briefing schedule as proposed by the parties. The parties are not aware of any additional information of which the Court should be aware at this time.

**PROPOSED BRIEFING SCHEDULE**

The parties have consulted and respectfully submit that the proposed bifurcated schedule, as set forth below and in the attached proposed order, will promote efficient judicial administration by establishing the scope of the administrative record prior to merits briefing under Rule 56.2.

**PHASE I: RECORD EXPANSION BRIEFING**

| FILING | DUE DATE |
|---|---|
| **Plaintiff's Motion to Expand/Supplement Administrative Record** | September 3, 2026 |
| **Defendant's Response to Motion to Expand** | September 24, 2026 |
| **Plaintiff's Reply in Support of Motion to Expand** | October 8, 2026 |

**PHASE II: RULE 56.2 MERITS BRIEFING**

| FILING | DUE DATE |
|---|---|
| **Plaintiff's Rule 56.2 Motion and Brief for Judgment on the Agency Record** | 30 days after the Court's Order on Motion to Expand Record |
| **Defendant's Response Brief** | 60 days after Plaintiff's Rule 56.2 Brief |

| FILING | DUE DATE |
| --- | --- |
| **Plaintiff's Reply Brief** | 28 days after Defendant's Response Brief |
| **Joint Appendix** *(to be filed by Plaintiff)* | 14 days after Reply Brief |
| **Motions for Oral Argument** *(if any)* | 14 days after Joint Appendix |

Respectfully submitted,

/s/ David Craven
David Craven

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 60613
(773)709-8506
David.craven@tradelaw.com

Counsel to Salvi Chemical Industries Ltd

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

/s/ Natalee A. Allenbaugh
NATALEE A. ALLENBAUGH
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch

P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 507-6058
Email: natalee.allenbaugh@usdoj.gov

*Attorneys for Defendant United States*

Dated: August 27, 2026