**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| SALVI CHEMICAL INDUSTRIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 26-02569 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

NATALEE A. ALLENBAUGH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 507-6058
Email: natalee.allenbaugh@usdoj.gov

OF COUNSEL:

ALEXANDRE RECHER
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

September 24, 2026

TABLE OF CONTENTS


FACTUAL BACKGROUND ..... 1

ARGUMENT ..... 3

I. Standard of Review ..... 3

II. Commerce Properly Deferred Examination Of Submissions Because This Court Presently Has Exclusive Jurisdiction Over The CCR ..... 5

III. The Documents Salvi Seeks To Provide This Court Are Not Part Of The Administrative Record Of The Challenged CCR ..... 7

IV. The Court Should Not Order Supplementation Because The Evidence Proffered By Salvi Was Not Considered By Commerce In The *Final Results* And Does Not Constitute Clear And Convincing *Prima Facie* Evidence Of Material Fraud ..... 7

A. Salvi Has Not Demonstrated That Its Allegation Of Fraud, On Its Face, Is Material To Commerce's Final Results ..... 7

B. The Evidence Offered to Support Salvi's Fraud Allegation Is Not Clear And Convincing ..... 11

V. If The Court Were To Grant Salvi's Motion, The Court's Order Should Cover All Documents Submitted To Commerce Subsequent To The *Final Results* And Commencement Of Litigation ..... 12

CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Cases**

*AgustaWestland N. Am., Inc. v. United States*,
880 F.3d 1326 (Fed. Cir. 2018) ........ 7

*Ammex, Inc. v. United States*,
62 F. Supp. 2d 1148 (Ct. Int'l Trade 1999) ........ 7

*Axiom Resource Management v. United States*,
564 F.3d 1374 (Fed. Cir. 2009) ........ 7

*Chemours Co. FC LLC v. United States*,
393 F. Supp. 3d 1186 (Ct. Int'l Trade 2019) ........ 8

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
140 S. Ct. 1891 (2020) ........ 6

*Essar Steel Ltd. v. United States*,
678 F.3d 1268 (Fed. Cir. 2012) ........ 7

*Home Prods. Int'l, Inc. v. United States*,
633 F.3d 1369 (Fed. Cir. 2011) ........ 9, 10, 11, 14

*Invenergy Renewables LLC v. United States*,
476 F. Supp. 3d 1323 (Ct. Int'l Trade 2020) ........ 7

*Marcum v. Salazar*,
751 F. Supp. 2d 74 (D.D.C. 2010) ........ 7

*In re Section 301 Cases*,
570 F. Supp. 3d 1306 (Ct. Int'l Trade 2022) ........ 6, 7

*SKF USA Inc. v. United States*,
391 F. Supp. 2d 1327 (Ct. Int'l Trade 2005) ........ 8

*Southern Cross Seafoods LLC v. United States*,
658 F. Supp. 3d 1336 (Ct. Int'l Trade 2023) ........ 8

*Tokyo Kikai Seisakusho, Ltd. v. United States*,
529 F.3d 1352 (Fed. Cir. 2008) ........ 8-9, 9

**Statutes**

19 C.F.R. § 351.104 ........ 10, 13-14

19 C.F.R. § 351.301 ........ 13

19 U.S.C. § 1675 ........ 12

19 U.S.C. § 1677 ........ 13

19 U.S.C. § 1677e ........................................................................ 5

**Regulations**

89 Fed. Reg. 58,104, 58,105 ........................................................................ 11
91 Fed. Reg. 10,588 ........................................................................ 5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| SALVI CHEMICAL INDUSTRIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 26-02569 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to the Court's August 28, 2026, Scheduling Order, ECF No. 31, defendant, the United States, respectfully submits this response in opposition to the motion to supplement the administrative record filed by the plaintiff, Salvi Chemical Industries, Ltd. (Salvi). As we explain below, the Court should deny the motion because the documents that Salvi attempts to insert into the administrative record were not presented to the Department of Commerce (Commerce) before it issued its *Final Results* and are, thus, not part of the administrative record. Moreover, on their face, the documents proffered by Salvi do not constitute clear and convincing new evidence sufficient to make a *prima facie* case that the agency proceedings under review were tainted by material fraud.

**FACTUAL BACKGROUND**

On March 4, 2026, Commerce published the final results of its changed circumstances review (CCR) regarding the antidumping duty order on glycine from China, finding that Salvi was ineligible to participate in the importer certification process under the order. *See Glycine*

*From the People's Republic of China: Notice of Final Results of Antidumping Duty Changed Circumstances Review*, 91 Fed. Reg. 10,588 (P.R. 2) (*Final Results*), and accompanying issues and decision memorandum (P.R. 3) (IDM). On April 24, 2026, Salvi filed its complaint to this Court challenging the *Final Results*, which vested this Court with jurisdiction over the proceeding under judicial review. Pl. Compl., ECF No. 7. On May 22, 2026, the defendant filed the index of the administrative record as it pertains to the CCR. ECF No. 13.

On May 28, 2026, with this case pending before this Court, Salvi filed with Commerce on Commerce's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS) a request for reconsideration of the *Final Results*.[1] In its request, Salvi requested reconsideration of the *Final Results* based on its allegation that Deer Park Glycine, LLC (DPG), the domestic interested party that participated in the CCR, had announced its intention to cease production of glycine at the time the CCR was pending and, thus, improperly certified that it was a domestic producer of glycine when making its submissions during the CCR. On June 9, 2026, DPG and Chattem Chemicals, Inc. (Chattem) filed comments contesting Salvi's allegations, including the allegation that DPG is not a domestic producer.[2] On June 12, 2026, Salvi

---

[1] To the extent Salvi claims "Commerce circulated {Salvi's} submission," Pl. Mot. to Supp. Admin. Record at 8, it is referring to an automatic function of ACCESS to serve documents submitted to Commerce to parties on the service lists for a given segment. Commerce took no concerted action with respect to the distribution of this submission or of any other submissions filed after the publication of the final results of the CCR on ACCESS during the pendency of this case.

[2] As with Salvi's submission, Commerce took no action with respect to the contents of DPG's submission. Salvi's claim that Commerce made "adverse-inference findings arising from DPG/GEO's failure to produce verifying documentation," Pl. Mot. to Supp. Admin. Record at 18, is flatly incorrect. Indeed, the statute pertaining to the application of facts otherwise available with an adverse inference is entirely inapposite because Commerce made no request for information from DPG–or any party–on this matter. *See, e.g.,* 19 U.S.C. § 1677e(b)(1) ("If the administering authority . . . finds that an interested party has failed to cooperate by not acting to the best of its ability *to comply with a request from the administering authority* . . ." (emphasis added)).

submitted additional comments. On June 16, 2026, in response to all three filings, Commerce issued a memorandum stating that it was unable to resolve the issues raised in the submissions without leave of Court because the CCR was subject to active litigation and the jurisdiction over the CCR vested with this Court.

On June 29, 2026, Salvi filed a second request for reconsideration, further requesting that Commerce respond to what it, for the first time in that submission, characterized as an allegation of fraud by DPG through improper certification. On July 17, 2026, Commerce issued a memorandum reiterating that it was unable to act on Salvi's submissions because this Court had exclusive jurisdiction over the segment at issue. That same day, Salvi filed a third submission, again reiterating its request for reconsideration. On August 27, 2026, parties filed in this Court the Joint Status Report in which Salvi stated its intention to raise its allegations with respect to DPG to this Court. ECF No. 30. On September 2, 2026, Commerce issued a memorandum reiterating that this Court has jurisdiction over the CCR, that the Salvi raised this issue in the Joint Status Report, placing it squarely before the Court, and that no action can be unilaterally taken by the agency without leave of Court.

## ARGUMENT

### I. Standard of Review

"{J}udicial review of agency action is limited to grounds invoked by the agency when taking the action." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) (citation omitted). And only "documents and materials directly or indirectly considered by agency decisionmakers" are properly part of the administrative record. *In re Section 301 Cases*, 570, F. Supp. 3d 1306, 1348 (Ct. Int'l Trade 2022) (quoting *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999)). "The obvious corollary to this rule is that

materials that were neither directly *nor* indirectly considered by agency decisionmakers, even if relevant, should not be included in the record." *Id.* (cleaned up) (emphasis in original).

The Court "assumes the record is complete when it has been certified by the agency," *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1355 (Ct. Int'l Trade 2020) (citing *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (Ct. Int'l Trade 2011)). Accordingly, the Court should not order materials added to the administrative record "absent clear evidence to the contrary.'" *Ammex*, 62 F. Supp. 2d at 1156 (citation omitted). The burden is on the moving party to "put forth concrete evidence and identify reasonable, non-speculative grounds for {its} belief that the documents were considered by the agency." *In re Section 301 Cases*, 570 F. Supp. 3d at 1348 (quoting *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 9 (D.D.C. 2018) (cleaned up) (alteration in original)); *see also Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) (moving party must "put forth concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers.").

In *Axiom Resource Management*, the Federal Circuit explains that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). "The purpose of limiting judicial review to the record actually before the agency is to guard against courts using new evidence to 'convert the arbitrary and capricious standard into effectively de novo review.'" *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (quoting *Axiom*, 564 F.3d at 1380). Therefore, supplementation of the record is appropriate only in limited circumstances. *See Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1277-78 (Fed. Cir. 2012) ("We have carved out a small number of exceptions when we allow supplementation of an agency record . . . .").

Specifically, the Court has recognized that supplementation of the record may be appropriate when "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine if an agency considered all relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." *Southern Cross Seafoods LLC v. United States*, 658 F. Supp. 3d 1336, 1340 (Ct. Int'l Trade 2023) (quoting *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (internal citations omitted)). The Court has also recognized that "supplementation of the administrative record . . . may be appropriate when a party brings to light clear and convincing new evidence sufficient to make a prima facie case that the agency proceedings under review were tainted by material fraud." *Chemours Co. FC LLC v. United States*, 393 F. Supp. 3d 1186, 1191-92 (Ct. Int'l Trade 2019) (*Chemours*) (citing *Home Prods. Int'l, Inc. v. United States*, 633 F.3d 1369, 1378 (Fed. Cir. 2011) (*Home Prods.*) (internal quotations omitted)).

To invoke the Court's exercise of discretion to order supplementation of the record or remand based on an allegation of fraud, "a prima facie case of fraud must be established by clear and convincing evidence – more than a mere preponderance." *Chemours*, 393 F. Supp. 3d at 1195 (citing *Home Prods.*, 633 F.3d at 1378). Evidence of fraud meets the clear and convincing standard when it "creates in the trier of fact an abiding conviction that the truth of the factual contention is highly probable." *SKF USA Inc. v. United States*, 391 F. Supp. 2d 1327, 1329-30 (Ct. Int'l Trade 2005) (quoting *Price v. Symsek*, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (internal quotations omitted)).

## II. Commerce Properly Deferred Examination Of Submissions Because This Court Presently Has Exclusive Jurisdiction Over The CCR

We agree with Salvi that Commerce, in general, has inherent authority to reconsider its decisions to protect the integrity of its own proceedings from fraud. *See* Pl. Mot. to Supp.

Admin. Record at 12 (citing *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). However, *Tokyo Kikai* pertains to an instance when Commerce reconsidered its determination prior to the commencement of litigation, not, as in this case, when a fraud allegation pertaining to a proceeding is raised to Commerce during the pendency of litigation challenging the results of that proceeding. *Id.* at 1356-58. Indeed, the Federal Circuit in *Tokyo Kikai* recognized that Commerce's authority is "subject to certain limitations." *Id.* at 1360. One such limitation is the pendency of litigation, during which time the Court has exclusive jurisdiction over the challenged proceeding and Commerce is unable to take unilateral action with respect to the challenged decision, including reopening a closed administrative proceeding that is challenged before this Court. *See Home Prods.*, 633 F.3d at 1377-78 ("To be sure, Commerce may not reopen a case while it is on appeal until the case has been remanded by the Trade Court. This has been the consistent practice of Commerce and the Trade Court. Moreover, it is clear that, by analogy to Federal Rule of Civil Procedure 60(b), Commerce lacks jurisdiction to grant a motion to reopen its proceeding while an appeal is pending." (internal citations omitted)).

Despite Salvi's claims to the contrary, Commerce cannot address Salvi's "fraud" claim without leave of this Court or remand. To the extent that Salvi's "fraud" allegation is now before this Court, that is not because Commerce "abused its discretion" in the name of administrative efficiency, Pl. Mot. to Suppl. Admin. Record at 15, nor because Commerce "use{d} a procedural posture as a shield to insulate from review {its} determination." *Id.* at 10. Rather, the law, as articulated in the Federal Circuit's ruling in *Home Prods.* (which Salvi cites as the "controlling authority" on handling fraud allegations pertaining to Commerce's proceedings, Pl. Mot. to Suppl. Admin. Record at 11), unambiguously provides that this Court presently has exclusive

jurisdiction over this matter. 633 F.3d at 1378. Commerce *twice* clarified this point to Salvi before Salvi finally raised the matter to the Court.

To that end, we agree with Salvi that the issue of whether to supplement the record or remand to Commerce is subject to the Court's discretion. However, the Court should decline to exercise its discretion to supplement the record or order a remand to address Salvi's new allegation.

## III. The Documents Salvi Seeks To Provide This Court Are Not Part Of The Administrative Record Of The Challenged CCR

Commerce's regulation, 19 C.F.R. § 351.104(a)(1), requires Commerce to include in the administrative record "all factual information, written argument, or other material developed by, presented to, or obtained by the Secretary *during the course of a proceeding* that pertains to the proceeding." The documents Salvi seeks to insert onto the record were not "developed by, presented to, or obtained" by Commerce during the course of this proceeding (*i.e.*, the CCR) and, thus, they are not part of the administrative record. Commerce submitted the indexes for the full administrative record on which Commerce's determination is based. Salvi does not appear to dispute that it did not present this non-record information until after the publication of the CCR and only after Commerce submitted record indexes to the Court. Additionally, for the reasons explained below, the allegations that Salvi made do not otherwise constitute clear and convincing evidence of material fraud that would detract from Commerce's *Final Results* and, thus, do not warrant supplementation or remand.

## IV. The Court Should Not Order Supplementation Because The Evidence Proffered By Salvi Was Not Considered By Commerce In The *Final Results* And Does Not Constitute Clear And Convincing *Prima Facie* Evidence Of Material Fraud

### *A. Salvi Has Not Demonstrated That Its Allegation Of Fraud, On Its Face, Is Material To Commerce's Final Results*

As explained above, the Court may exercise its discretion to order supplementation of the record or remand when presented with *prima facie* evidence of *material* fraud. However, it is not enough for Salvi to allege *any* fraud took place in the course of the CCR; Salvi must demonstrate that "the agency proceedings under review were *tainted* by *material* fraud." *Home Prods.*, 633 F.3d at 1378 (emphasis added). Accordingly, Salvi must show that its allegation would somehow alter the factual basis upon which Commerce grounded its *Final Results*. In its motion, Salvi makes no such showing.

As an initial matter, we must clarify the scope of Commerce's CCR *Final Results*. Commerce conducted the CCR–on Salvi's request–to determine whether Salvi, an Indian glycine producer previously found to have been circumventing Commerce's antidumping order on glycine from China, had demonstrated changed circumstances (*i.e.*, that it no longer used Chinese inputs in its glycine production process) such that it could certify its merchandise as being of Indian origin. *See Glycine From the People's Republic of China: Initiation of Changed Circumstances Review*, 89 Fed. Reg. 58,104, 58,105 (Dep't of Commerce July 17, 2024) (P.R. 82); *see also* Salvi's Request for Changed Circumstances Review at 1-2 (C.R. 73; P.R. 94). During the administrative proceeding, however, it came to light (based on information submitted by DPG) that Salvi continued to use Chinese inputs in its glycine production process. *See* IDM at 7 (citing DPG's Dec. 10, 2025, Letter to Commerce (C.R. 4; P.R. 13)). Salvi does not dispute the accuracy of that information, but rather alleges that DPG's certification was inaccurate, an allegation that DPG disputes. *See* Pl. Mot. to Suppl. Admin. Record at 1.

Salvi did not request a CCR to seek revocation of the order, and Commerce never addressed the issue during the course of the CCR. *See generally* Salvi's Request for Changed Circumstances Review (C.R. 73; P.R. 94). To the extent that Salvi posits its fraud allegation goes

to the issue of whether the antidumping order on glycine from China should be revoked for lack of domestic industry support,[3] that issue is outside the scope of the CCR challenged before the Court.[4] To that end, Salvi's remedy is not to seek supplementation the administrative record or a remand regarding this CCR, but rather to request a *new* CCR in accordance with 19 U.S.C. § 1675(b) and to demonstrate in that new proceeding to Commerce's satisfaction that the domestic industry that produces glycine has ceased to exist.

As for any impact of Salvi's "fraud" allegation on *this* CCR, Salvi has not articulated how its allegation regarding DPG's status as a domestic producer, if true, would alter the factual basis upon which Commerce rendered its decision in the *Final Results*. With respect to DPG's December 10, 2025, submission to Commerce, Salvi's motion only alleges DPG's characterization of itself as a domestic producer of glycine is false, but Salvi presents no claim regarding the veracity of the substantive information contained in that submission nor explains how the information it seeks to insert onto the record would contradict or undermine that factual information.[5] *See generally* Pl. Mot. to Suppl. Admin. Record. Nothing in Salvi's submission disproves the key fact that Salvi continues to source its inputs from China for production of glycine, which is the central basis of Commerce's determination in this CCR.

[3] Ironically, Chattem, a domestic producer of glycine, sought to intervene in this litigation, which Salvi opposed. In denying Chattem's request to intervene, the Court stated that "{i}t is undisputed that Chattem is a domestic producer of subject merchandise." *Salvi Chemicals, Inc. v. United States*, Slip. Op. 26-93 at 4 (Ct. Int'l Trade Aug. 13, 2026) (ECF No. 26).

[4] For similar reasons, Salvi's request that the Court order "U.S. Customs and Border Protection to maintain the suspension of liquidation for all unliquidated entries subject to the order pending resolution of this motion" would be inappropriate as exceeding the scope of the underlying CCR.

[5] The information submitted by DPG in its December 10, 2025, submission to Commerce is commercial trade data offered to "show{} that Salvi was not forthcoming with {Commerce} officials during the on-site verification." DPG's Dec. 10, 2025, Letter to Commerce at Exhibit 1 (pp. 3-4 and Exhibit 1) (C.R. 4; P.R. 13).

In any case, even if DPG was not properly a domestic producer as of its December 10, 2025, submission, as Salvi claims, nothing in the statute or Commerce's regulations prevents Commerce from considering the information that DPG submitted, including the allegation that the information demonstrates that Salvi was not forthcoming with Commerce's officials during the on-site verification–and Salvi presents no authority claiming otherwise. Salvi does not seem to argue, for example, that, by DPG ceasing production of glycine, Commerce was legally barred from accepting and considering that information. In fact, Commerce's regulations expressly authorize Commerce to ask for information from *any person*, not just domestic producers or interested parties or to provide additional opportunities to submit factual information at any time during the proceeding.[6] *See* 19 C.F.R. § 351.301(a) (Commerce "may request *any person* to submit factual information at any time during the proceeding or provide additional opportunities to submit factual information." (emphasis added)). Ultimately, Salvi is, at most, arguing, with no clear legal basis, that Commerce should not have considered information in DPG's December 10, 2025, submission, which DPG provided during the proceeding, based on Salvi's new allegation that DPG misled Commerce.

Even if it were the case that DPG's December 10, 2025 certification was erroneous in any way (which Commerce has not determined), that would not change the fact that the information DPG submitted was presented to and considered by Commerce for the *Final Results* and is, thus, properly on the administrative record of the CCR. *See* 19 C.F.R. § 351.104(a)(1) ("{Commerce} will include in the official record *all factual information… presented to, or obtained by*

[6] Further, Salvi does not appear to dispute DPG's status as an interested party within the meaning of 19 U.S.C. § 1677(9), and, indeed, consistently refers to DPG as "the sole domestic interested party" to the CCR in its motion. *See, e.g.,* Pl. Mot. to Suppl. Admin. Record at 5. Salvi's arguments with respect to 19 U.S.C. § 1677(4)(A), which defines "industry," are inapposite to DPG's status as an interested party. *Id.* at 6, 14.

{Commerce} during the course of a proceeding that pertains to the proceeding." (emphasis added)). Salvi's allegations do not appear to be questioning the accuracy of information that DPG submitted on the administrative record; rather Salvi merely questions DPG's status of domestic producer of subject merchandise. In its motion, Salvi has offered no basis for Commerce to reconsider the facts underlying its *Final Results*, let alone the conclusions it derived from those facts.

*B. The Evidence Offered to Support Salvi's Fraud Allegation Is Not Clear And Convincing*

In addition to being immaterial to Commerce's *Final Results*, the evidence that Salvi seeks to proffer does not support a *clear and convincing prima facie* case of fraud that materially tainted Commerce's determination. *See Home Prods.*, 633 F.3d at 1378. The evidence is insufficient to make out a *prima facie* case that DPG's December 10, 2025, statement was materially fraudulent. Salvi's claim of fraud, as described in its motion, rests principally on an alleged discrepancy between a purported announcement by DPG's president on December 8, 2025, "that glycine production at Deer Park was shuttered 'effective immediately,'" Pl. Mot. to Suppl. Admin. Record at 13, and DPG's letter to Commerce two days later, on December 10, 2025, in which it described itself as a "domestic glycine producer." DPG's December 10, 2025, Letter to Commerce at 1 (C.R. 4; P.R. 13); *see also* Pl. Mot. to Suppl. Admin. Record at 13-14. Yet, Salvi has not produced to the Court any evidence of such announcement by DPG's president, nor did it include evidence of any such announcement in any of its post-CCR submissions to Commerce. Further, DPG disputes Salvi's post-CCR allegations.[7] Pl. Mot. to Suppl. Admin. Record at 8.

[7] Salvi claims that the December 8, 2025, announcement is "not disputed." Pl. Mot. to Suppl. Admin. Record at 13. Commerce, given its deference to this Court's exclusive jurisdiction over this matter, has made no determination regarding any such announcement.

Additionally, even if DPG was no longer a domestic producer, Salvi has not provided any evidence indicating that DPG made any such misstatement (if there was one) with intent to mislead Commerce. Indeed, Salvi's own request for relief appears to indicate that intent remains, at most, an open question. *See* Pl. Mot. to Suppl. Admin. Record at 19-20 (requesting the Court "{o}rder DPG/GEO to produce to Commerce . . . a sworn statement identifying the date on which DPG/GEO determined to permanently cease glycine production, by whom that decision was made, and whether and when that determination was disclosed to Commerce or to DPG/GEO's counsel during the CCR.").

For these reasons, Salvi has not demonstrated that its allegation of "fraud" would materially alter Commerce's *Final Results* nor their underlying factual basis. Further, Salvi's claim does not establish a clear and convincing case for fraud by DPG. Both reasons support a denial of Salvi's requested relief.

## V. If The Court Were To Grant Salvi's Motion, The Court's Order Should Cover All Documents Submitted To Commerce Subsequent To The *Final Results* And Commencement Of Litigation

Finally, if the Court grants Salvi's motion, which for the reasons provided above it should not, for the sake of transparency, we inform the Court that Salvi's May 28, 2026, submission to Commerce was not the only document submitted to Commerce pertaining to the challenged CCR after Commerce published the final results of the CCR and this litigation commenced. DPG and Chattem filed a response to this submission on June 9, 2026, in which they rebutted Salvi's allegations. Salvi also filed a reply and two subsequent requests for reconsideration, and Commerce issued three memoranda in which it informed the parties that this Court has exclusive

---

Accordingly, we do not take a position on whether Salvi or DPG is correct with respect to this disputed fact.

jurisdiction over the proceeding. Chattem also filed a notice of appearance, which resulted in changes to the ACCESS service lists for this segment. Although the administrative record as filed with this Court is complete, and we disagree with any characterization by Salvi to the contrary, if the record is to be supplemented by documents presented after the publication of the final results of the CCR, *all* documents relating to the certification issue should be included for this Court to have before it the full universe of factual information that may be relevant to the Court's decision.[8]

**CONCLUSION**

For these reasons, we respectfully request that the Court deny Salvi's motion to supplement the administrative record in its entirety. In the alternative, if the Court were to order supplementation of the administrative record, we respectfully request that the Court issue an order covering all documents submitted to Commerce subsequent to the publication of the *Final Results*.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

[8] Because a supplemented record would likely include at least one document submitted by Chattem and DPG and given the extent to which their conduct with respect to the CCR would be at issue, if the Court were to order supplementation of the record, it may be appropriate to reconsider its denial of Chattem's motion to intervene or otherwise to provide Chattem and DPG an opportunity to submit motions to intervene in this case, if they so desire, to the extent permissible by law.

/s/ Natalee A. Allenbaugh
NATALEE A. ALLENBAUGH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 507-6058
Email: natalee.allenbaugh@usdoj.gov

OF COUNSEL:

ALEXANDRE RECHER
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

Dated: September 24, 2026

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| SALVI CHEMICAL INDUSTRIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 26-02569 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Upon consideration of plaintiff's motion to supplement the administrative record, response thereto, reply, and all other papers, it is hereby

ORDERED that the motion is denied.

____________________________

JUDGE

Dated: ____________________